PAUL STOCKTON, ET AL., *v.* BANK OF LOUISVILLE.

**Appeals, Parties to—Bankruptcy.**
  A person who was not a party in the cause below cannot appeal from a judgment rendered.

**Bankruptcy.**
  The discharge of a person in bankruptcy from the payment of his debts does not operate to invest a person holding a part of his property, with title therein; such property may be made subject to pay debts due creditors.

APPEAL FROM CLINTON CIRCUIT COURT.

October 21, 1874.

OPINION BY JUDGE LINDSAY:

The 2nd section of the act approved March 6, 1868, makes it the duty of the appellant or their counsel to refer in their endorsement required to be made on the record filed in this court, to the judgment sought to be reversed, designating the page of the record where it may be found, and the term at which it was rendered, and to state whether the appeal was granted in the court below. In the endorsement in this case, the judgment rendered at the September term, 1872, is to be found on pages 184 to 189 of the record so referred to in terms, and their said endorsement concludes as follows: "and all final provisions, judgments and orders in the case previous thereto." This portion of the endorsement does not conform in any degree to the act cited, and therefore must be disregarded. The only judgment appealed from is that found on the pages mentioned, rendered at the September term, 1872, of the Clinton Circuit Court.

We do not find that Phillips Waller or Neal are in any way af-

fected by said judgment. Hence no further attention will be paid to their appeals. H. W. Tuttle, who styles himself assignee of Paul Stockton, was not a party to the action in the court below, and there is nothing before this court from which we can conclude that he occupies the fiducial relation he claims. There is no reason, even if he be the assignee in bankruptcy, why he shall prosecute this appeal. Not being a party to the action in the lower court, its judgment can not prejudice his rights.

If Stockton had become a bankrupt after the judgment was rendered, his assignee, upon the production of the proper evidences of his appointment and qualification, would be allowed to prosecute an appeal from a judgment injuriously affecting the rights and interests of the bankrupt. But if he desired to contest in this action the claims of Stockton's creditors, he should have made himself a party in the circuit court, were the cause not pending for more than two years after Stockton was adjudged a bankrupt. For these reasons, even if there were legal evidences before us that Tuttle is the assignee of Stockton, he would not be heard upon this appeal.

A careful and critical review of all the testimony leaves no doubt upon our mind that Rebecca Davis was holding in fraudulent trust for Stockton, an interest in the property seized under the attachments sued out in this action, and that the sums in the hands of the sheriff arising from the sales of this property, and also in the hands of her executor, which were directed to be applied to the payment of appellee's debt, do not amount to more than the value of Stockton's interest in the property so held.

The discharge of Stockton from the payment of his debts, by the bankrupt court, did not operate to invest Rebecca Davis with title to the property she was holding for him. His creditors still had the right to subject this property to the payment of their debts. If it was taken into custody by the state court, the assignee in bankruptcy, upon application, would have had the right to be made a party, and would have been allowed to recover the proceeds of his sale, and then to distribute the amount so recovered among the creditors of Stockton who might prove their claims in the bankrupt proceedings. But he did not apply, and appellant, who had notice of Stockton's petition in bankruptcy, and of his ultimate discharge, did not ask to be allowed to make his assignee a party, nor did she ever suggest to the court who the assignee was. Had she done this, possibly the court would have required the appellee to make him a party.

She failed to take any steps to compel the assignee to assert his rights, and now that Stockton's property, held in fraudulent trust by her, has been applied to the payment of Stockton's debts, her executor appeals to this court to relieve her estate from the danger of again being compelled to account for this same property to said assignee. In other words, the executor asks to be relieved against the dangers of liability resulting from the plain and palpable laches of his intestate.

We are unable to ascertain from the record, how the chancellor knew that Paul Stockton was the principal devisee of Rebecca Davis, deceased, but as that fact, if it be a fact, can cut no figure in the determination of the question before us, it is immaterial whether his information was or was not correct.

For the reasons stated the judgment is *affirmed.*

*A. J. & D. James, for appellants.*
*Winfrey & Winfrey, Owsley & Burdett, for appellee.*